UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

Eastern District of Kentucky
FILED
MAR 26 2004
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

DAVID KEITH CORNETT )
)
PLAINTIFF )
)
V. )
)
) CIVIL ACTION NO: 04-130-KKC
)
RONNIE SIZEMORE, JOHN PICKARD )
RAYMOND C. SMITH, COUNTY OF )
KNOX, KNOX COUNTY SHERIFF )
DEPARTMENT and KNOX FISCAL )
COURT )
)
DEFENDANTS )

Serve: Knox County Judge Executive:
Raymond C. Smith
P. O. Box 173
Barbourville, Kentucky 40906
**(For Defendants, COUNTY OF KNOX, KNOX COUNTY SHERIFF'S DEPARTMENT and KNOX FISCAL COURT)**

Knox County Attorney,
Hon. Charlie Green Dixon
P. O. Box 1809
Barbourville, Kentucky 40906
**(For Defendants, COUNTY OF KNOX, KNOX COUNTY SHERIFF'S DEPARTMENT and KNOX FISCAL COURT)**

Sheriff JOHN PICKARD
105 Courthouse
Barbourville, Kentucky 40906

Deputy Sheriff and former Animal Control Officer RONNIE SIZEMORE
105 Courthouse
Barbourville, Kentucky 40906

## COMPLAINT

MAY IT PLEASE THE COURT:

Comes now the Plaintiff, DAVID KEITH CORNETT, by counsel, and for his cause of action herein, states as follows:

### I. Preliminary Statement

1. This is a civil action seeking money damages under 42 U.S.C. § 1983, 1985 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution and state law against Defendant, RONNIE SIZEMORE, the former Knox County Animal Control Officer and employee of the KNOX FISCAL COURT, also acting as an employee of the KNOX COUNTY SHERIFF DEPARTMENT and COUNTY OF KNOX in the capacity and employment of Knox County Sheriff's Deputy; Defendant JOHN PICKARD, in his capacity and employment by the COUNTY OF KNOX as Sheriff of Knox County; Defendant, RAYMOND C. SMITH, in the employment of the KNOX FISCAL COURT as County Judge Executive of Knox County; the COUNTY OF KNOX and the KNOX FISCAL COURT, stemming from acts they committed under color of law, which deprived the Plaintiff of rights secured under the Constitution and laws of the United States, for refusing or neglecting to prevent such deprivations and denials to the Plaintiff, for intentional infliction of emotional distress, and for defamation committed by the Defendants. The Plaintiff alleges that the Defendants SIZEMORE and SMITH unlawfully seized property belonging to the Plaintiff, and unlawfully filed a false criminal charge against the Plaintiff; and then the Defendants SIZEMORE and PICKARD unlawfully arrested, jailed and prosecuted of the Plaintiff, a former citizen of Knox County, thereby violating the Plaintiff's right to be free from unreasonable search

and seizure, in violation of the Fourth and Fourteenth Amendments to the United States Constitution. The Plaintiff further alleges that the Defendants acted negligently, recklessly and wantonly, and within the course and scope of employment or in the alternative acted intentionally, thereby violating the Plaintiff's rights under Kentucky Tort Law when they unlawfully committed the acts of intentionally inflicted emotional distress, and acted so as to defame the Plaintiff. The Plaintiff alleges further that the KNOX FISCAL COURT and COUNTY OF KNOX failed to exercise due diligence and were deliberately indifferent to the need to train, supervise, instruct, control and discipline Defendant SIZEMORE, its Animal Control Officer, and that the COUNTY OF KNOX and the KNOX COUNTY SHERIFF'S DEPARTMENT failed to exercise due diligence and was deliberately indifferent to the need to train, supervise, instruct, control and discipline Defendants SIZEMORE and PICKARD; and that said failures were the result of policy, or custom, practice and usage of the KNOX FISCAL COURT, the KNOX COUNTY SHERIFF'S DEPARTMENT and the COUNTY OF KNOX, and that the policymakers of the KNOX FISCAL COURT and the COUNTY OF KNOX were deliberately indifferent to the rights of the inhabitants of the COUNTY OF KNOX, and that said conduct caused the deprivation of the Plaintiff's rights secured under the United States Constitution, the laws of the United States, and the laws of the Commonwealth of Kentucky.

## II. Jurisdiction and Venue

2. Jurisdiction is conferred upon the Court by 28 U.S.C. § 1331which provides for original district court jurisdiction over cases presenting federal questions, and by 28 U.S.C. § 1343.

3. Jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. § 1367, which provides for supplemental jurisdiction over state law claims that are so related to the federal law claims that they form one case or controversy for Article III purposes.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391.

### III. Parties

5. The Plaintiff, DAVID KEITH CORNETT, was a citizen of the Knox County, Kentucky at the time of the alleged incident.

6. The Defendant, RONNIE SIZEMORE ("Animal Control Officer SIZEMORE" or "SIZEMORE"), in his individual capacity was at the time of the alleged incident an employee of the KNOX FISCAL COURT, acting in the capacity of Animal Control Officer.

7. The Defendant, RONNIE SIZEMORE ("Deputy SIZEMORE" or "SIZEMORE"), in his individual capacity was at the time of the alleged incident, and still today, an employee of the COUNTY OF KNOX and KNOX COUNTY SHERIFF'S DEPARTMENT, acting as law enforcement official with the title Deputy Sheriff.

8. The Defendant, JOHN PICKARD ("PICKARD"), in his individual capacity was at the time of the alleged incident, and still today, an employee and law enforcement official of the KNOX SHERIFF'S DEPARTMENT and the COUNTY OF KNOX, acting as Sheriff of the COUNTY OF KNOX.

9. The Defendant, RAYMOND C. SMITH ("SMITH"), in his individual capacity, was at the time of the alleged incident, and still today, an employee and official of the KNOX FISCAL COUT, holding the title of Knox County Judge Executive.

10. The Defendant, COUNTY OF KNOX (the "KNOX COUNTY") is a county within the Commonwealth of Kentucky.

11. The Defendant, KNOX FISCAL COURT (the "FISCAL COURT") is the governing body for the COUNTY OF KNOX, duly organized under the laws of the Commonwealth of Kentucky.

12. The Defendant, KNOX COUNTY SHERIFF'S DEPARTMENT (the "SHERIFF'S DEPARTMENT") is and was at all times, a political body created by the laws of the Commonwealth of Kentucky and existing therein for the general purposes of law enforcement.

### IV. Factual Allegations

13. At all times relevant, the Defendants acted under color of law. In addition, at all times relevant, Animal Control Officer and Deputy Sheriff SIZEMORE, Sheriff PICKARD, and Judge SMITH acted within the course and scope of their duties as employees and officials of the COUNTY OF KNOX, KNOX COUNTY SHERIFF'S DEPARTMENT and the KNOX FISCAL COURT.

14. Prior to the alleged incident, the Plaintiff had rescued a pair of horses who where ill, maltreated and in danger of starving to death. Within days of the Plaintiff's rescue, one of the animals died. However, the Plaintiff was able to save the other, a mare, and at the time of the alleged incident was nursing the animal back to health.

15. On March 15, 2003, the Plaintiff made arrangements with a friend whereby the Plaintiff moved his horses, a sound red gelding and the rescued mare, who was recovering but still underweight, to the farm of the friend so that the animals could graze on the friends pasture along with the other man's own horse. Likewise, the Plaintiff

made arrangements with the owner of the farm and another individual where the two individuals would feed, administer medication, and generally care for the Plaintiff's horses for the next five days during which time the Plaintiff was required to be out of town related to his employment.

16. On March 18, 2003, Defendant SIZEMORE, in his capacity as Animal Control Officer and at the request of the COUNTY JUDGE EXECUTIVE, DEFENDANT SMITH, drove to the farm located at Route 6, Smokey, Knox County, Kentucky, where the horses were pastured. The Defendants, SIZEMORE and PICKARD, seized both the healthy and the underweight horses belonging to the Plaintiff, while leaving the farm owner's horse. These Defendants also went to the Plaintiff's home, which was only yards from where the horses were pastured, and where the Plaintiff had some 300 pounds of horse feed stacked on the porch, and left word that the Plaintiff should come to the Sheriff's office when he got back into town to discuss the seizure of his property.

17. The Defendant SIZEMORE, conspired with the Defendant, PICKARD, and the two took the animals to the personal residence of Defendant PICKARD, where they were confined in pens.

18. At the time of the unlawful seizure, Defendant SIZEMORE had in his possession a camera, and requested that an individual take photographs of him seizing the animals. Defendant SIZEMORE then, for the sake of publicity, personally took the photographs of himself to the local newspaper, The Barbourville Mountain Advocate, and requested that the photographs be printed in the paper.

19. On March 22, 2003, when the Plaintiff returned to Knox County he received the message, and proceeded immediately to the Knox County Sheriff's office where the Animal Control Officer Defendant SIZEMORE was also serving a dual role as Sheriff's Deputy SIZEMORE. Upon arrival, the Plaintiff was immediately charged with Cruelty to Animals, a misdemeanor under Kentucky law KRS 525.130. The Plaintiff was arrested and jailed for some three (3) days. The Plaintiff was never questioned nor given the opportunity to explain the circumstances of the underweight horse's condition, but was immediately jailed and deprived of his civil rights.

20. While in the jail the Plaintiff witnessed several drug transactions between inmates and others at the jail, and was subjected to filth and deplorable conditions. When inmates from other cells complained of itching and rashes, welts and infestation acquired from a source inside their cells, they were removed and placed with the Plaintiff in his cell. During the Plaintiff's unlawful confinement, he was subjected to great emotional distress, as he feared for his physical health and for his very life.

21. The Plaintiff was prosecuted for Cruelty to Animals, with the charges against the Plaintiff was dismissed, and the DEFENDANTS appealing. The case was remanded and tried by a jury on February 11, 2004. The Plaintiff was found not guilty of any wrongdoing.

22. On May 20, 2003, an order was entered by the KNOX CIRCUIT COURT ordering the Defendants to return the Plaintiff's horses to him. However, after the order had been entered, and the Plaintiff requested the return of the animals, the Defendants, PICKARD and SIZEMORE refused to obey the order and delayed in returning the animals. The Defendants PICKARD and SIZEMORE demanded that upon the return of

the animals the Plaintiff pay them a "boarding fee" of some FIFTY ($50.00) dollars per day, for each day between the day the horses were seized on March 19, 2003, until they were returned on August 30, 2003.

23. When the Defendants finally agreed to return the horses, the Plaintiff was directed to go to the Defendant PICKARD'S personal residence and retrieve them. However, when the Plaintiff arrived with employees of the stable that he had hired to transport the horses, he was met by Defendant SIZEMORE, several other Deputy Sheriff's, and a police K-9 unit. Defendant SIZEMORE proceeded toward the Plaintiff, gun holster unbuckled, with his hand on his weapon partially unsheathed, shouting, cursed and yelling profanities at the Plaintiff. And while the animals were being loaded into the horse van, Defendant SIZEMORE continued to lung toward the animals and their handlers, yelling and waving his arms in an attempt to frighten the horses.

24. Due to KNOX COUNTY'S unlawful arrest, prosecution and related delays, continuances and subsequent appeal, the Plaintiff was required to miss a considerable amount of work, and eventually was forced to enter into an agreement with his employer where he would surrender his job, rather than be fired. And, as a result, the Plaintiff lost not only his job, but his medical insurance as well.

25. Upon information and belief, neither Defendant's SIZEMORE nor PICKARD have not been trained in animal husbandry, or in the proper identification, care or treatment of animal health, or in his conduct in dealing with the animals belonging to the Plaintiff, and the unlawful arrest and prosecution of the Plaintiff was the direct result of this lack of training.

26. Upon information and belief, the Defendant DEPUTY SIZEMORE had not been properly trained in effective ways to interact, communicate, or investigate and his conduct in dealing with the Plaintiff resulted directly from this lack of training.

27. Upon information and belief, policies and procedures of the KNOX FISCAL COURT in employing the Defendant SIZEMORE as Animal Control Officer, and the policies and procedures of the COUNTY OF KNOX in employing the Defendant SIZEMORE as Sheriff's Deputy were incorrect and improper as Deputy SIZEMORE was incapable of objectively investigating the complaint that he had himself lodged against the Plaintiff in his capacity as Animal Control Officer and complaining witness.

28. The Defendants unlawful and unwarranted arrest, confinement, and prosecution of the Plaintiff were either intentionally, or with deliberate indifference to the Plaintiff's civil rights, or were negligent, reckless or wanton. The Defendants actions were without probable cause or adequate justification and were so willful, wanton and malicious that no reasonable Animal Control Officer, Deputy or Sheriff could have thought their actions lawful. The acts constituted such an utter disregard or callous indifference for the Plaintiff's rights as to warrant the imposition of punitive damages.

## COUNT I
### FALSE ARREST AND IMPRISONMENT BY DEFENDANTS SIZEMORE AND PICKARD COGNIZABLE UNDER 42 U.S.C. § 1983

29. The Plaintiff adopts and incorporates each and every allegation contained in numerical paragraphs one through twenty-eight as if set forth fully herein.

30. The Defendants deprived the Plaintiff of his liberty without his consent and against his will.

31. The Defendants exercised direct restraint of the Plaintiff by use of words, acts, gestures and force.

32. The Defendants knew or should have knows through reasonable investigation that the Plaintiff was not guilty of the crime charged.

33. As a direct and proximate result of the Defendants' violations of the Plaintiff's civil rights as stated above, the Plaintiff incurred consequential damages.

34. The false arrest and false imprisonment of the Plaintiff was a substantial factor in causing the Plaintiff great humiliation, pain, embarrassment, damage to his reputation, the impairment of his ability to earn income, and the loss of medical benefits.

35. The Defendants acted with reckless disregard or callous indifference to the rights of the Plaintiff and are liable for punitive damages.

## COUNT II
## INTENTIONAL INFLICTION OF EMPTIONAL DISTRESS COGNIZABLE UNDER 42 U.S.C. § 1983

36. The Plaintiff adopts and incorporates all allegations contained in paragraphs one through thirty-five as if fully set forth herein.

37. Defendants acted intentionally or recklessly when they committed the acts enumerated above.

38. The aforementioned conduct of the Defendants was outrageous and intolerable in that it offends against the generally acceptable standards of decency and morality.

39. The aforementioned conduct was a substantial factor in causing the Plaintiff's severe emotional distress, embarrassment, humiliation, and defamation.

40. The Defendants acted with reckless disregard or callous indifference to the rights of the Plaintiff and are liable for punitive damages.

## COUNT III
## CONSPIRACY TO VIOLATE THE PLAINTIFF'S CIVIL RIGHTS BY DEFENDANTS SIZEMORE, PICKARD AND SMITH COGNIZABLE UNDER 42 U.S.C. § 1983 and 1985

41. The Plaintiff adopts and incorporates each and every allegation contained in numerical paragraphs one through forty as if fully set forth herein.

42. The Defendants, SIZEMORE and PICKARD, acting in their individual capacities and under color of law, conspired together and with others, reached a mutual understanding and acted to undertake a course of conduct that violated the Plaintiff's civil rights to wit:

- a. The Defendants agreed and acted to intentionally arrest and imprison the Plaintiff as described above.

- b. The Defendants agreed and acted to intentionally fabricate and contrive the charges against the Plaintiff as described above.

- c. The Defendants agreed and acted to seize the Plaintiff's personal property and then agreed and acted in an attempt to extort money from the Plaintiff in exchange for the return of his property as described above.

- d. The Defendants agreed and acted to intentionally submit false information and testimony to support and corroborate the fabricated charges lodged against the Plaintiff.

- e. The Defendants agreed and acted so as to intimidate, frighten and provoke the Plaintiff and to cause his severe stress, emotional distress and harm.

- f. The Defendants agreed and acted so as to prolong the Plaintiff's prosecution and to thereby cause him to lose his job and medical benefits.

- g. The Defendants agreed and acted so as to defame the Plaintiff and to cause him great embarrassment and public humiliation.

- h. As a direct and proximate result of the above described conspiracy between the Defendants SIZEMORE, PICKARD and others, Plaintiff has

been deprived of his right to be secure in his person, against unreasonable seizure of his person and property, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

43. As a direct and proximate result of the Defendants' conspiracy the Plaintiff incurred consequential damages.

44. The conspiracy that the Defendants entered into was a substantial factor in causing the Plaintiff great humiliation, pain, embarrassment, damage to his reputation and the impairment of his ability to earn income.

45. The Defendants acted with reckless disregard or callous indifference to the rights of the Plaintiff and are liable for punitive damages.

## COUNT IV
### FAILURE TO INSTRUCT, SUPERVISE, TRAIN, CONTROL AND DISCIPLINE DIRECTED AGAINST THE KNOX FISCAL COURT, THE KNOX COUNTY SHERIFF'S DEPARTMENT AND THE COUNTY OF KNOX, COGNIZABLE UNDER 42 U.S.C. § 1983

46. The Plaintiff incorporates each and every allegation contained in numerical paragraphs 1 through forty-five as if fully set forth herein.

47. Acting under color of law, by and through the policy-makes of the KNOX FISCAL COURT, THE KNOX COUNTY SHERIFF'S DEPARTMENT and COUNTY OF KNOX and pursuant to official policy or custom and practice, the KNOX FISCAL COURT, THE KNOX COUNTY SHERIFF'S DEPARTMENT and COUNTY OF KNOX intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the inhabitants of the COUNTY OF KNOX failed to instruct, supervise, train, control, and/or discipline, on a continuing basis, Defendants SIZEMORE and PICKARD, in the performance of their duties as employees of the KNOX FISCAL COURT, THE KNOX COUNTY SHERIFF'S DEPARTMENT and COUNTY OF KNOX to refrain from:

    a.    Unlawfully and maliciously seize the property of the Plaintiff,

    b.    Unlawfully fabricated criminal allegations against a citizen for the purpose of shielding himself from criminal or civil liability for violating the citizen's civil rights.

    c.    Unlawfully and maliciously placed false statements and misleading photographs in the local newspaper defaming the Plaintiff and damaging his reputation in the community.

    d.    Conspiring to violate the rights, privileges and immunities guaranteed the Plaintiff by the Constitution and the laws of the United States and the laws of the Commonwealth of Kentucky.

    e.    Otherwise deprive citizens of their constitutional and statutory rights, privileges, and immunities.

48. They, the KNOX FISCAL COURT, THE KNOX COUNTY SHERIFF'S DEPARTMENT and COUNTY OF KNOX has knowledge of or, had they diligently exercised their duties to instruct, supervise, train, control and discipline on a continuing basis, should have had knowledge that the wrongs that were done, as heretofore alleged, or other unlawful or unconstitutional acts were going to be committed. Defendants, KNOX FISCAL COURT, KNOX COUNTY SHERIFF'S DEPARTMENT and COUNTY OF KNOX had the power to prevent or to aid in preventing the commission of said wrongs, could have done so and intentionally, knowingly or with deliberate indifference to the rights of the inhabitants of the COUNTY OF KNOX failed or refused to do so.

49. The KNOX FISCAL COURT, THE KNOX COUNTY SHERIFF'S DEPARTMENT and COUNTY OF KNOX directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of the Defendants, SIZEMORE and PICKARD.

50. As a direct and proximate result of the Defendants KNOX FISCAL COURT, KNOX COUNTY SHERIFF'S DEPARTMENT and COUNTY OF KNOX'S failure to instruct, train, control, supervise, and discipline, the Plaintiff's civil rights have been violated, he has been falsely arrested and imprisoned, defamed, humiliated, embarrassed, caused to suffer emotional distress and pain, and deprived of the ability to earn income and medical benefits, and as a result has incurred consequential damages.

51. The Defendants, KNOX FISCAL COURT, KNOX COUNTY SHERIFF'S DEPARTMENT and COUNTY OF KNOX acted with reckless disregard or callous indifference to the rights of the Plaintiff and are liable for punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, DAVID KEITH CORNETT, demands judgment against the Defendants, RONNIE SIZEMORE, JOHN PICKARD, RAYMOND SMITH, COUNTY OF KNOX, KNOX COUNTY SHERIFF'S DEPARTMENT and KNOX FISCAL COURT, jointly and severally, for compensatory damages in the amount in excess of the jurisdictional limits, and against the Defendants, RONNIE SIZEMORE, JOHN PICKARD, RAYMOND SMITH, COUNTY OF KNOX, KNOX COUNTY SHERIFF'S DEPARTMENT and KNOX FISCAL COURT, jointly and severally for punitive damages in the amount in excess of the jurisdictional limits for the following:

1. False arrest and imprisonment;
2. Violation of any and all other civil rights as outlined herein;
3. Mental and emotional pain, suffering and humiliation;
4. Defamation;
5. Impairment of the Plaintiff's ability to earn income;

6. Reimbursement for medical expenses that the Plaintiff incurred that would have otherwise been covered by his insurance carrier;

7. Reimbursement for fees and other consequential expenses;

8. Punitive damages;

9. Reasonable attorney fees pursuant to 42 U.S.C. § 1988;

10. Costs incurred herein;

11. Trial by jury on all issues so triable; and

12. Any and all other relief to which the Plaintiff may be entitled.

Respectfully submitted,

/HON. SANDRA J. REEVES
The Reeves Law Office, PLLC
211 South Main Street
P.O. Box 1341
Corbin, Kentucky 40702-1341
(606) 528-4376

COUNSEL FOR PLAINTIFF
DAVID KEITH CORNETT